UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARLOS MARTINEZ JIMENEZ,

    Petitioner,

  v.

MARIA GUADALUPE LOZA LOZANO,

    Respondent.

Case No. C05-5736FDB

ORDER GRANTING EMERGENCY MOTION FOR INJUNCTION REGARDING RESPONDENT'S CUSTODY PROCEEDINGS

    Petitioner Jimenez moved for an order (1) enjoing Respondent from pursuing the child custody proceedings that she has instituted in Mason County Superior Court during the pendency of this Hague Convention petition; and (2) ordering Respondent to immediately withdraw her motion for temporary custody plan, which she has filed in the Mason County child custody proceedings. Plaintiff earlier petitioned this Court under The Convention on the Civil Aspects of International Child Abduction, done at the Hauge on October 25, 1980 (hereafter the "Hague Convention") for return of his child, RLJ, to RLJ's habitual residence of Mexico. Thereafter, Mrs. Lozano instituted child custody proceedings regarding RLJ in Mason County Superior Court and moved for a temporary order approving her proposed parenting plan regarding the custody of RLJ.

ORDER - 1

Petitioner argues that the nation in which the child is located is prohibited from making custody determinations regarding the child as long as the Hague Convention petition is pending:

> After receiving notice of a wrongful removal or retention of a child ... the judicial or administrative authorities of the [country] to which the child has been removed or in which it has been retained ***shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention*** or unless an application under this Convention is not lodged within a reasonable time following receipt of the notice.

51 Fed. Reg. 10494, Art. 16 (emphasis added).  Respondent further argues that the spirit behind the Hague Convention provisions is to give deference to the jurisdiction and custody proceedings of the country from which the child has been removed.  That is, Mexico should be allowed to adjudicate the matter of RLJ's custody if this Court determines that it is proper under the Hague Convention to return RLJ to Mexico.  Thus, it is appropriate to enjoin Mrs. Lozano from proceedings custody proceedings in state court.  *See, e.g., U.S. v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1014 (9th Cir. 1999)("It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties form proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court.").

Mrs. Lozano argues that Article 16 (cited above) does not prohibit the Mason County Superior Court from making a temporary custody determination and that there is no divorce or custody case in Mexico.  Mrs. Lozano's arguments are not persuasive in view of the clear language of the Hague Convention provision and the arguments of Petitioner.

Also, the Court has been advised that the Court Commissioner for Mason County Superior Court, being advised that the Jimenez matter is pending in this court,  has issued an order in Mrs. Lozano's case that provides that

ORDER - 2

RLJ will not be removed from the care, custody or control of the Petitioner. However, the order shall also provide that the contents thereof shall not be construed as a decision on the merits of the placement of RLJ. It shall further provide that any future order from the federal court under cause no. C05-5736FDB shall supercede this order to the extent that they are inconsistent.

(Lozano v. Jimenez, Mason County Superior Court Memorandum Opinion, January 16, 2007.)

NOW, THEREFORE, IT IS ORDERED: Petitioner's Emergency Motion for Injunction Regarding Respondent's Custody Proceedings [Doc. # 26] is GRANTED, and Maria Guadalupe Loza Lozano (Respondent) is ENJOINED from proceeding with the child custody proceedings filed on January 3, 2007 in Mason County Superior Court, Case No. 07-3-00003-5 during the pendency of the instant Petition filed in United States District Court.

DATED this 17th day of January 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3